IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY S. LINDNER and MOLOAA FRUIT STAND, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JASMINE FARAH, <br><br> Defendant. | CIV. NO. 23-00461 JMS-WRP <br><br> ORDER ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, ECF NO. 21, TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JASMINE FARAH, ECF NO. 17 |

**<u>ORDER ADOPTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, ECF NO. 21, TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JASMINE FARAH, ECF NO. 17</u>**

The August 5, 2024 Findings and Recommendation, ECF No. 21,

having been filed and served on all parties on August 5, 2024, and no objections

having been filed by any party,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to

28 U.S.C. § 636(b)(1), and Local Rule 74.1, and for the reasons stated below, the

Findings and Recommendation are MODIFIED in part to correct the special

damages awarded and ADOPTED in all other respects.

# I. <u>DISCUSSION</u>

As provided in the Findings and Recommendation, Plaintiffs Jeffrey Lindner ("Lindner") and Moloaa Fruit Stand, LLC, sought $66,529.92 in special damages—the sum of the total amount of lost profits from September 2023 through April 2024 ($44,353.34) and the anticipated future lost profits from May 2024 through August 2024 ($22,176.64).  ECF No. 21 at PageID.178; *see also* ECF No. 17 at PageID.137–38.  In arriving at special damages, the Findings and Recommendation relied upon the underlying calculations set forth in the Declaration of Jeffrey Lindner, ECF No. 17-1, and the profit and loss statements and expense report ("spreadsheet") attached to the Declaration, ECF No. 17-3.  *See also* ECF No. 17 at PageID.136–38; *id*. at PageID.137 nn. 2, 3.

In reviewing the Findings and Recommendation, however, the court, found discrepancies in Lindner's explanation of how he arrived at the monthly average net profit in calculating past lost profit as a result of Defendant's defamatory statements.  In paragraph 8 of his Declaration, Plaintiff states: "The spreadsheet demonstrates that in the year before Jasmine began posting defamatory statements, the Fruit Stand generated a net profit [of] $12,171.80, with a monthly average net profit of $936.29."  ECF No. 17-1 at PageID.146.  Later, in paragraph 10, Plaintiff states that he "calculated past lost profit from September 2023 through April 2024 by taking the monthly average net profit based on the data from the thirteen months before Defendant's defamatory statements ($936.29) . . . ."  *Id*.

Notwithstanding the lack of clarity—whether 12 or 13 months—this math is wrong.  First, $12,171.80 is the total of *14* months of net income, from July 2022 to August 2023.  *See* ECF No. 17-3 at PageID.152, PageID.154.  Second, Lindner derives his figure of $936.29 monthly average net profit by dividing $12,171.80 by *13* months ($12,171.80 ÷ 13 = $936.29), not 12 months, which equals $1,014.31 ($12,171.80 ÷ 12 = $1,014.13).  Third, based on Lindner's spreadsheet, the total "net income" for the 13-month period from July 2022 through July 2023, is $11,577.17, not $12,171.80.  Finally, $11,577.17 divided by 13 equals $890.55 monthly average net profit.

Hence, using the most conservative monthly average net profit based on the 13-month period of July 2022 through July 2023, the court performed its own calculations, which resulted in the following: (1) Lost profits from September 2023 through April 2024—$43,987.42;[1] (2) anticipated future lost profit from May

---

[1]  The monthly average net profit of $890.55 multiplied by eight months (September 2023–April 2024) equals $7,124.40, plus net income loss of $36,863.02 (incurred September 2023–April 2024) equals $43,987.42.  *See* ECF No. 17-3 at PageID.152.

2024 through August 2024—$21,993.68;[2] (3) total past and future lost profit—$65,981.10.[3]

## II.  CONCLUSION

The Findings and Recommendation are MODIFIED IN PART and ADOPTED IN PART as follows: (1) the court GRANTS Plaintiffs' request for default judgment against Defendant Jasmine Farah; (2) the court AWARDS Plaintiffs damages in the amount of $65,981.10 in special damages, $20,000 in general damages, plus prejudgment and post-judgment interest against Defendant Jasmine Farah; and (3) the court DENIES Plaintiffs' request for punitive damages.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 3, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Lindner et al. v. Farah*, Civ. No. 23-00461 JMS-WRP, Order Adopting in Part and Modifying in Part the Magistrate Judge's Findings and Recommendation, ECF No. 21, to Grant in Part and Deny in Part Plaintiffs' Motion for Default Judgment Against Defendant Jasmine Farah, ECF No. 17

---

[2]  Actual net income loss of $36,863.02 (incurred September 2023–April 2024) divided by eight months equals $4,607.87, multiplied by four months (expected loss May 2024–August 2024) equals $18,431.48.  This amount ($18,431.48) plus $3,562.20 (projected lost profits of $890.55 per month multiplied by four (expected loss September 2024–December 2024)) equals $21,993.68.  *See* ECF No. 17-1 at PageID.147 (Declaration ¶ 11); *see also* ECF No. 21 at PageID.178 n.3.

[3]  Lost profits of $43,987.42 (September 2023–April 2024) plus anticipated future lost profit of $21,993.68 (May 2024–August 2024) equals $65,981.10.